CHURCH OF THE GOOD SHEPHERD, Appellant, vs. RACINE. WATER COMPANY; Respondent.

*November 12—November 28, 1902.*

*Appeal: Affirmance: Court equally divided.*

One justice being disqualified to sit and the others being equally divided in opinion, the order of the trial court is affirmed without statement of the reasons for the diverse views.

APPEAL from an order of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining a demurrer to a complaint in an action to restrain the defendant from cutting off the plaintiff's water supply. The complaint alleges, in effect, the incorporation and organization of the plaintiff as a religious society in 1893; the granting of certain franchises and privileges to the defendant by the common council of the city of Racine in 1886–87; the acceptance thereof by the defendant in writing about that time; that such ordinance, among other things, required the defendant at all times to supply the 300 or more hydrants with water as therein required, at the prices therein mentioned, and also to supply abundant water to any and all inhabitants of the city, as therein required, under such regulations and conditions as the defendant might interpose, at annual rates not exceeding the maximum rates therein mentioned; and the ordinance also contained this provision,

"The said company shall furnish water, free, for all necessary purposes to the public schools and city buildings; for one drinking fountain in each ward; for construction of city work, and also *for all personal uses of all religious and educational institutions;*"

that in 1893 the plaintiff caused its land and church building to be connected by service pipe with the defendant's water mains for the personal uses of the plaintiff, and none other;

that from that time down to the commencement of this action the defendant had continued to supply the premises and church building with water for the personal uses of the society, and none other; that, contrary to such provision of the ordinance, the defendant had persistently sent to the plaintiff semi-annually, in advance, bills at the rate of $6 per annum for the water so supplied to the plaintiff for such personal uses, and demanded payment thereof, and threatened to shut off the water unless paid; that under the influence of such threats, and in ignorance of such provisions of the ordinance, the plaintiff paid such bills as were presented from time to time, without protest, until February, 1901, the total amount so paid being $45; that at the last mentioned date the plaintiff, under the advice of counsel, declined to make further payments; that July 1, 1901, the defendant demanded the further payment of $3, and threatened to shut off the water if not paid, and so the plaintiff paid the same under protest. The complaint prays judgment that the defendant be permanently restrained from shutting off such supply of water to the plaintiff, and that the defendant be required to furnish and supply the plaintiff with such water free of charge, as required by the ordinance, and to repay to the plaintiff the amount so unlawfully exacted and collected from the plaintiff, and for costs.

For the appellant there was a brief by *Cooper, Simmons, Nelson & Walker,* and oral argument by *J. B. Simmons.*

For the respondent there was a brief by *Quarles, Spence & Quarles* and *Kearney, Thompson & Myers,* and oral argument by *T. M. Kearney* and *T. W. Spence.*

CASSODAY, C. J. It so happens that Mr. Justice DODGE was of counsel in the subject-matter of the suit, and hence is barred from participating in the decision. The case is important, and has received the careful consideration of all the other members of the court. The result is that we find our-

selves equally divided. Mr. Justice WINSLOW and Mr. Justice BARDEEN think the order should be reversed. Mr. Justice MARSHALL and I think it should be affirmed. The same conditions would work an affirmance had the trial court decided the other way. This being so, we have concluded not to give any reasons for the diverse views entertained.

*By the Court.*—The order of the circuit court is affirmed.